IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**AHM**, by and through her Guardian *ad litem* and father David Mark Morrison, and **DAVID MARK MORRISON**, individually,

    Plaintiffs,

v.

**PORTLAND PUBLIC SCHOOLS**,

    Defendant.

No. 3:11-cv-00739-MO

OPINION AND ORDER

**MOSMAN, J.**,

On July 20, 2012, I granted [106] defendant's Motion for Summary Judgment [73] and dismissed plaintiffs' claims with prejudice. I reached that determination based on my lack of jurisdiction over the case. I now grant in part defendant's Bill of Costs [109].

## DISCUSSION

### I. Presumption in Favor of Awarding Costs

Federal Rule of Civil Procedure 54(d) "creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). In reliance upon this presumption, a district court "need not give affirmative reasons for awarding costs." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). Where a district court declines to award costs, however, it must explain "why, in the circumstances, it would be

1 – OPINION AND ORDER

inappropriate or inequitable to award costs." *Ass'n of Mexican-Am. Educators v. California,* 231 F.3d 572, 593 (9th Cir. 2000).

> Proper grounds for denying costs include "(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the 'chilling effect of imposing . . . high costs on future civil rights litigants,'" as well as (4) whether "the issues in the case were close and difficult"; (5) whether "the prevailing party's recovery was nominal or partial"; (6) whether "the losing party litigated in good faith"; and (7) whether "the case presented a landmark issue of national importance."

*Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888–89 (9th Cir. 2010) (quoting *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003)).

Plaintiffs advance multiple grounds for denying costs, including the novelty of the legal issues, the potential chilling effect on future civil rights litigants, and plaintiffs' own good faith in bringing this suit. (Pls.' Obj. [112] 8–9.) Although plaintiffs' claims are important and were raised in good faith, they were not properly raised in a federal district court. And I see no indication that awarding costs under these circumstances will have any significant chilling effect on future litigants. I therefore conclude that plaintiffs have not given me adequate reason to overcome the presumption in favor of awarding costs.

## II.    **Amount Awarded**

The defendant has submitted a bill of costs for $10,508.61, consisting of $10,371.47 for deposition transcripts and $137.14 for photocopies made in preparation for the dispositive motions in this case. Pursuant to FRCP 54(d), the court may tax costs as enumerated in 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5) Docket fees under section 1923 of this title;
    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Although the court may not tax costs beyond those authorized by § 1920, it is free to construe the meaning and scope of these taxable categories. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987); *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990) (*per curiam*), *cert denied*, 502 U.S. 812 (1991).

    A.    *Transcripts*

Defendant deposed five of plaintiffs' expert witnesses and one of its own in preparation for its Motion to Strike [70] and Motion for Summary Judgment [73]. Although these transcripts may have been useful to defendant, I do not believe they were "*necessarily* obtained for use in the case." 28 U.S.C. § 1920(2) (emphasis added). My decision to grant defendant's Motion for Summary Judgment and to dismiss plaintiffs' claims with prejudice was based entirely upon my lack of jurisdiction over the case. I am disinclined to award any costs incurred while investigating the merits of plaintiffs' claims, regardless of whether those investigations might have resulted in alternative bases for summary judgment and dismissal. Accordingly, I reduce defendant's Bill of Costs by the amount of the deposition transcripts.

    B.    *Photocopies*

In contrast to the deposition transcripts, the photocopies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). As a result, defendant is entitled to recoup these costs as the prevailing party.

## CONCLUSION

For the foregoing reasons, I award defendant $137.14 in costs.

IT IS SO ORDERED.

DATED this __5th__ day of September, 2012.

                                                 /s/ Michael W. Mosman
                                                 MICHAEL W. MOSMAN
                                                 United States District Court